**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2905
_____

ROBERT L. SWINTON, JR.,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-00011)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 18, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: August 3, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Swinton, a federal inmate proceeding pro se, appeals the District Court's order granting defendant's motion to dismiss. For the following reasons, we will affirm.

Swinton filed suit against the United States, seeking compensatory damages and injunctive relief for alleged constitutional violations. He alleged that, while he was housed at FCI-Loretto, prison medical providers were deliberately indifferent by failing to properly treat his gout. Dkt. No. 5 at 4-5. Swinton also alleged that prison officials subjected him to unlawful searches, retaliation, and overcrowding, and interfered with his access to legal materials and his legal mail. Id. at 4-11. The United States moved to dismiss or, in the alternative, for summary judgment. Dkt. No. 22. The District Court, over Swinton's objections, adopted a Magistrate Judge's Report and Recommendation and granted the defendant's motion to dismiss, concluding that Swinton had not exhausted his claims as required by the Federal Tort Claims Act ("FTCA"). Dkt. No. 36. Swinton filed this timely appeal. Dkt. No. 37.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's grant of a motion to dismiss.[1] Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017). We may affirm on any grounds supported by the record,

---

[1] We do not review issues that an appellant has not raised on appeal. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument). Here, Swinton does not argue that he should have been granted leave to amend his complaint, and we will not consider that issue.

2

including those the District Court did not rely on.[2]  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1107 (3d Cir. 1996).

As Swinton argues and the United States concedes, the District Court erred in concluding that Swinton failed to exhaust all five of his claims.[3]  A plaintiff cannot bring a claim under the FTCA until an agency has finally denied the claim.  See 28 U.S.C. §§ 2401(b), 2675(a).  But when the agency fails to respond to a grievance in the time allowed by its own procedural rules, the administrative remedy is rendered "unavailable," and a plaintiff may advance his claim.  Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 153-54 (3d Cir. 2016).  Here, the Bureau of Prisons ("BOP") failed to respond within six months to Swinton's requests for reconsideration of his grievances about his medical care and the searches.  Dkt. No. 23-1 at 1-2.  Accordingly, as prescribed by the BOP's procedural rules, Swinton was allowed to file suit based on the grievances in federal court.   See 28 C.F.R. § 543.32(i).

---

[2] Swinton requested that we take judicial notice of an opinion of the United States District Court for the Western District of New York.  C.A. Dkt. No. 13.  We deny this request as irrelevant to the issues before us.  See Landy v. FDIC, 486 F.2d 139, 151 n.6B (3d Cir. 1973).

[3] To the extent Swinton argues otherwise, the District Court properly dismissed Swinton's constitutional tort claims against the United States as barred by sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994).

Regardless, as the Magistrate Judge explained in the alternative, these two claims fail on the merits. Under the FTCA, federal district courts generally have jurisdiction over tort claims against the United States for "injury or loss of property, or personal injury or death" caused by the negligence of a federal government employee, if the claim would give rise to liability in the state where the tort occurred. 28 U.S.C. § 1346(b)(1). Regarding his medical care, Swinton generally alleged that prison medical providers were deliberately indifferent by failing to properly treat his gout, conspired against him, and treated him differently than other inmates, in violation of the United States Constitution. Dkt. No. 5 at 4-5. These vague assertions fail to state a medical negligence claim under Pennsylvania law. See Grossman v. Barke, 868 A.2d 561, 566 (Pa. Super. Ct. 2005) (requiring a plaintiff to establish that a medical provider breached a duty, and the breach was the proximate cause of the plaintiff's harm).

As to Swinton's allegations that prison staff conducted unlawful searches that caused mental and emotional injuries, see Dkt. Nos. 5 at 5-7 & 32 at 17, the FTCA precludes inmate tort actions against the United States for these injuries "suffered while in custody without a prior showing of physical injury or the commission of a sexual act," 28 U.S.C. § 1346(b)(2). Swinton did not plausibly allege a physical injury, and none of the facts he presented qualify as a "sexual act" pursuant to 18 U.S.C. § 2246.

The District Court also erred in concluding that Swinton failed to exhaust his retaliation claim. Swinton filed an administrative grievance about the alleged retaliation,

4

which the BOP finally denied on October 21, 2019. Dkt. No. 23-1 at 2. The BOP informed Swinton he had six months to file a suit in federal court, as required by the FTCA. Id. at 2; see 28 U.S.C. § 2401(b). Swinton neither requested reconsideration of the retaliation claim nor filed a suit based on it until January 2021, nine months after the statutory period ended.[4] Despite the District Court's error in its reasoning, the claim was properly dismissed because it was untimely.

On appeal, Swinton argues that he is entitled to equitable tolling on the otherwise barred retaliation claim. C.A. Dkt. No. 17 at 23-27. FTCA claims are subject to equitable tolling, which is available where, inter alia, the plaintiff has been prevented from asserting his rights in some extraordinary way. See D.J.S.-W. ex rel. Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020); United States v. Wong, 575 U.S. 402, 420 (2015). Swinton argues that, in February 2020, he was placed in restricted housing and did not have access to his legal materials, constituting extraordinary circumstances preventing him from filing a suit in federal court. C.A. Dkt. No. 17 at 25. But Swinton was transferred from restricted housing to a county jail in March 2020. See Dkt. No. 292, United States v. Swinton, No. 6:15-cr-0655 (W.D.N.Y. Mar. 26, 2020). He does not explain in what extraordinary way he was prevented from filing a suit during the other

_____

[4] Swinton requested reconsideration of his claim about the searches, which he raised in the same grievance. See Dkt. No. 23-1 at 2.

five months of the statutory period, so he is not entitled to equitable tolling on his retaliation claim.

      Accordingly, we will affirm the judgment of the District Court.